JOHN W. WITHEE v. CHARLES N. FEARING AND ANOTHER.

It is competent for the plaintiff to prove the loss of the note sued on, by the testimony of an agent in whose possession it had been placed, and from whose possession it was alleged to have been lost. The plaintiff's own affidavit of the loss, is not, under such circumstances, necessary.

Where a party offered the transcript of a record, in evidence, without assigning any definite purpose, but to show generally any fact or circumstance, from which the jurors might infer, that an attachment was wrongfully or maliciously sued out: *Held*, that it was properly excluded, unless it were distinctly made to appear, that the contents were pertinent to the issues before the court.

Evidence to prove the damages which resulted from the issuing of an attachment, is properly excluded, where there is no proof that the writ was wrongfully or maliciously sued out. To permit a party to introduce his evidence, in the way that best suits himself, is a privilege which the court grants, only in the exercise of a sound discretion.

Mr. Justice BELL does not assent to the proposition announced in the case of Wiley v. Trawick, 14 Texas Rep. 662, that damages growing out of another suit, in another state, may be pleaded in reconvention in a suit in this state.

ERROR from Titus. Tried below before the Hon. William S. Todd.

This suit was instituted on the 14th day of May, 1857, by Charles N. Fearing and Pelig Hall, the defendants in error, against the plaintiff in error, on a note of $655.99, dated the 26th day of November, 1852, due at twelve months, payable to the order of the said Withee, the maker thereof, and alleged to have been indorsed and delivered to Mallard and Armstead.

The petition alleged, that the said note was, before its maturity, transferred and assigned, by Mallard and Armstead, to Seaman, Wills & Peck, the agents of the plaintiffs, who were the holders and owners thereof; and that the said note had been lost or mislaid, from the possession of the said plaintiffs' agents.

The defendant pleaded payment of the note sued on, before the commencement of the suit; and, in reconvention, that on the 28th day of June, 1854, in the city of New Orleans, and State of Louisiana, the plantiffs instituted a suit against him, by attachment and garnishment; that he was not then indebted to them; that the writ of attachment and garnishment were issued for the purpose of injuring, vexing, and harassing him, and without right in law or equity, and were, therefore, issued wrongfully, maliciously, oppressively, and without any just or probable cause. The defendant alleged, that he was then a merchant in Titus county, Texas, in good credit in the cities of New Orleans, New York, and other commercial cities of the United States; that the attachment suit aforesaid, injured his standing, as a merchant, so as to disable him from purchasing goods; that by the loss of his credit, he was forced to retire from business, as a merchant; and that by reason of the premises, he was injured, and had sustained damage to the amount of $5000, which he pleaded in set-off and reconvention, and prayed might be adjudged him.

This plea referred to a certified transcript and copy of the proceedings of the District Court of New Orleans, in support of the averments concerning the institution of the suit in Louisiana, and the issuing of the said writs, as exhibit "A," which was annexed to the said plea, or answer, as a part thereof. The transcript contained a petition filed in the Fourth District Court of the city of New Orleans, by the plaintiffs in this suit, against the defendant Withee, on the 28th day of June, 1854, on a promissory note of the same tenor and date as that described in this suit, and praying for a writ of attachment, garnishment, &c.; the affidavit, bond, citation, and the writs prayed for, and judgment in favor of the plaintiffs against the

defendant, for the amount of the note; and against Siddall, Green & Co., as garnishees, for the amount of the said debt.

On the trial, the plaintiffs offered in evidence the depositions of S. Field and P. G. Mitchell, to prove the loss of the note described in their petition; to which the defendant objected, because the plaintiffs had not filed their affidavit of its loss; the objection was overruled, and the defendant excepted.

The defendant offered to read the transcript, made a part of the answer, marked exhibit "A," "for the purpose of showing any fact, or circumstance, from which the jurors might infer that the attachment was wrongfully or maliciously sued out, in the case set forth in the said transcript." On objection by the plaintiffs' counsel, this was ruled out; and the defendant excepted.

There was no other testimony, to show whether the attachment or garnishment in the suit in New Orleans, was wrongfully sued out, or not.

The defendant offered to read the depositions of John M. Waskom and John Sabine, to prove that he was a merchant in Titus county, Texas, in the spring of the year 1854, and that he had been greatly damaged by the attachment suit. These depositions proved, that, in consequence of the attachment, the commission-house with whom the defendant had been doing business on terms of satisfaction, and to whom he was regularly making shipments of cotton, became alarmed, and discontinued his business, greatly to his prejudice; his commission-merchants refused to aid him further, and his business was stopped. To the reading of these depositions, the plaintiffs objected, and the objection was sustained by the court, upon the ground, that the defendant had laid no predicate for reading the same: the defendant excepted to the ruling of the court.

Verdict and judgment for the plaintiffs, for principal and interest, $914.71.

*T. J. & J. H. Rogers*, for the appellant.

*M. Bolin*, for the appellees.

BELL, J.—We are of opinion, that there is no error in the judgment of the court below. It was not necessary, that the plaintiffs below should file their own affidavit of the loss of the note, on which the suit is founded, when they were able to prove the loss by a third person, in whose possession the note had been placed, and from whose possession it was alleged to have been lost.

We are of opinion, that the court did not err in ruling out the transcript of the proceedings in the attachment suit, in the District Court of New Orleans. The transcript was not offered to prove, that such a suit had been instituted in the District Court of New Orleans; nor was it offered for any definite purpose. The bill of exceptions states, that it was offered for the purpose of showing any fact, or circumstance, from which the jurors might infer, that the attachment was wrongfully or maliciously sued out. There were no allegations in the defendant's plea, which pointed out any portion of the proceedings in the attachment suit in New Orleans, as shown by the transcript, as indicating wherein those proceedings were in violation of the laws of Louisiana. We do not think the court below was under any obligation to examine the transcript, to see what its contents might be; or to ascertain whether, or not, it contained anything pertinent to the issue before the court; nor could the court be required to permit such a paper to be read in evidence, unless it was made distinctly to appear, that its contents were pertinent to the issues before the court. Such a mode of introducing voluminous documents in evidence, for any purpose for which any portion of their contents may happen to be admissible, is not proper. An attorney may be excused for trusting to the chapter of accidents, when he can do no better; but he ought never to complain of the court, for declining to make decisions upon the same principle.

We think that the evidence of the damage sustained by the defendant below, in consequence of the suing out of the attachment,

was properly excluded from the consideration of the jury. No proper predicate was laid for the introduction of such evidence. It was incumbent upon the defendant, to show that the attachment of which he complained, was maliciously or wrongfully sued out, before evidence of the damage that he had sustained, in consequence of it, could have any legal significance. The court, in its discretion, may permit a party to introduce evidence irregularly, but it is a practice productive of frequent embarassment; and sometimes results in a useless consumption of time. A court is sometimes obliged to rule out evidence, in the introduction of. which, considerable time has been consumed, and by the introduction of which erroneous impressions may be made on the minds of the jury, because the party fails to lay the necessary foundation for such testimony. It is a good general rule, in the introduction of testimony, as well as in architecture, that the base should be laid, before the superstructure is reared. To permit a party, therefore, to introduce his evidence in the way that best suits himself, is a privilege that the court grants only in the exercise of a sound discretion.

In the case before us, the only evidence of the wrongful suing out of the attachment, that had been offered, had already been excluded by the court; and the court, under such circumstances, might well require that the defendant should lay a proper foundation for the evidence of the damages sustained, before proceeding to show what the damages were.

I think it proper to say, for myself, that I am not prepared to assent to the proposition announced in the case of Wiley v. Traiwick, 14 Texas Rep. 662, where it was held, that damages growing out of another suit, in another state, may be pleaded in reconvention, in a suit in this state. The judgment of the court below is affirmed.

Judgment affirmed.